IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEPHEN WEINSTEIN, individually and on behalf of all similarly situated individuals,<br><br>    Plaintiff,<br>v.<br><br>INTERMOUNTAIN HEALTHCARE, INC. d/b/a INTERMOUNTAIN HEALTHCARE, a Utah corporation,[1]<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:16-cv-00280-DN<br><br>District Judge David Nuffer |

Defendant IHC[1] moves to dismiss the First Amended Complaint ("Amended Complaint")[2] with prejudice under Rules 12(b)(1) and 12(b)(6) ("Motion to Dismiss").[3] Plaintiff Stephen Weinstein opposes the Motion to Dismiss ("Opposition").[4] IHC filed a reply in support of the Motion to Dismiss ("Reply").[5] IHC has also filed five notices of supplemental authority[6]

---

[1] Defendant states in a footnote that "Plaintiffs incorrectly identify the Defendant as 'Intermountain Healthcare, Inc.'" when the "correct name of Defendant is 'IHC Health Services, Inc.'" Motion to Dismiss and Memorandum in Support ("Motion to Dismiss") at 1, n. 1, docket no. 9, filed Aug. 12, 2016. Defendant will be referred to as "IHC" in this memorandum decision and order.

[2] First Amended Complaint ("Amended Complaint"), docket no. 7, filed June 14, 2016.

[3] Motion to Dismiss at 1.

[4] Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition"), docket no. 15, filed Sep. 9, 2016.

[5] Reply in Support of Motion to Dismiss ("Reply"), docket no. 18, filed Sep. 26, 2016.

[6] Notice of Post-Briefing Supplemental Authority Supporting Intermountain's Motion to Dismiss, docket no. 21, filed Nov. 1, 2016; Second Notice of Post-Briefing Supplemental Authority Supporting Intermountain's Motion to Dismiss, docket no. 23, filed Dec. 12, 2016; Third Notice of Post-Briefing Supplemental Authority Supporting Intermountain's Motion to Dismiss, docket no. 24, filed Dec. 16, 2016; Fourth Notice of Post-Briefing Supplemental Authority Supporting Intermountain's Motion to Dismiss, docket no. 25, filed Feb. 2, 2017; Notice of Supplemental Authority Supporting Plaintiff's Opposition to Defendant's Motion to Dismiss, docket no. 26, filed Feb. 23, 2017.

identifying 12 cases[7] it argues are relevant to the outcome of the Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss is GRANTED.

## ALLEGED FACTS[8]

Mr. Weinstein makes the following allegations:

1.      In 2003, the Fair and Accurate Transaction Act ("FACTA") was enacted "to assist in the prevention of identity theft and credit and debit card fraud."[9]

2.      A "main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Report Act)" prohibits the printing of "more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."[10]

3.      Section 1681c(g) shows that "Congress made the determination that the printing of receipts containing more than the last five digits of the credit or debit card number or the card expiration date creates an unacceptable risk of identity theft and fraud to the cardholders."[11]

4.      "FACTA was signed into law on December 4, 2003, but did not become fully effective until December 4, 2006." Even with three years to comply, "many merchants did not become compliant and faced liability." "In response, the Credit and Debit Card Receipt

---

[7] *Kamal v. J. Crew Group, Inc.*, Case. No. 2:15-0190 (WJM), 2016 WL 6133827 (D.N.J. Oct. 20, 2016); *Thompson v. Rally House of Kansas City, Inc.*, Case No. 15-00886-CV-W-GAF, 2016 WL 8136658 (W.D. Mo. Oct. 6, 2016); *Zia v. CitiMortgage, Inc.*, Case No. 15-cv-23026-GAYLES, 2016 WL 5369316 (S.D. Fla. Sept. 26, 2016); *Stelmachers v. Verifone Systems, Inc.*, Case No. 5:14-cv-04912, 2016 WL 6835084 (N.D. Cal. Nov. 21, 2016); *Gunther v. DSW, Inc.*, Case No. 15-C-1461, 2016 WL 6537975 (E.D. Wisc. November 3, 2016); *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016); *Cruper-Weinmann v. Paris Baguette America, Inc.*, 13 Civ. 7013, 2017 WL 398657 (S.D.N.Y. Jan. 30, 2017); *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909 (7th Cir. 2017); *In re: Michaels Stores Inc., Fair Credit Reporting Act (FCRA) Litigation*, No. 2615, 2017 WL 354023 (D.N.J. Jan. 24, 2017); *Deschaaf v. Am. Valet & Limousine Inc.*, No. CV-16-03464-PHX-GMS, 2017 WL 610522 (D. Ariz. Feb. 15, 2017); *Syed v. M-I, LLC*, 846 F.3d 1034 (9th Cir. 2017); *In re: Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625 (3d Cir. 2017).

[8] The allegations provided in this section derive from Mr. Weinstein's Complaint. For purposes of this memorandum decision and order, the Plaintiff's allegations are assumed to be true.

[9] Amended Complaint ¶ 6.

[10] *Id.* ¶ 7.

[11] *Id.* ¶ 8.

Clarification Act of 2007 . . . was enacted to provide additional time for merchants to become compliant." "In accordance with the Clarification Act, beginning June 4, 2008, a merchant that prints more than the last five digits of the credit or debit card number or a credit or debit card's expiration date on an electronically generated receipt given to a customer is in violation of FACTA."[12]

    5.      "On February 16, 2016, [Mr. Weinstein] used his American Express card to pay for a doctor's visit at the Intermountain Park City Clinic . . . ." "The hardcopy receipt generated and provided to him by [IHC] contained the expiration date of his card in violation of 15 U.S.C. § 1681c(g)."[13]

    6.      "[S]ince at least 2014, if not earlier, through at least February 16, 2016, [IHC] provided non-compliant receipts through point of sale machines that were provided to patients and customers at the point of sale."[14]

    7.      "Despite having more than 12 years to become compliant with FACTA, [IHC] has willfully violated this law and failed to protect [Mr. Weinstein] and others similarly situated against identity theft and credit card and debit card fraud by printing the expiration date on hardcopy receipts provided to debit card and credit card cardholders transacting business with [IHC]."[15]

    8.      "Identity theft and fraud is a real harm and serious risk to consumers." "Skilled criminals are able to use the last few digits of a credit or debit card account number and certain predictive assumptions and computerized mathematical formulas to determine the full account

---

[12] *Id.* ¶ 9.

[13] *Id.* ¶ 10.

[14] *Id.* ¶ 11.

[15] *Id.* ¶ 12.

number. When provided with the card expiration date, such criminals have the data needed to commit identity theft or credit or debit card fraud." "In addition, having those key pieces of personal data can provide criminals sufficient credibility to engage in 'phishing' email scams or pretext telephone calls through which they are able to gather even more personal confidential data, such as bank account numbers, social security numbers, date of birth, or employment data." "Access to such comprehensive personal data allows criminals to potentially obtain additional credit cards, obtain loans for vehicles, obtain home mortgages, obtain a passport in the consumer's name, and other similarly serious fraudulent acts that can cause serious harm to the consumer's financial and personal life."[16]

9.      "[IHC]'s printing of credit card or debit card expiration dates on receipts has harmed [Mr. Weinstein] and other consumers by failing to provide them with a receipt that does not contain their credit or debit card expiration date and by exposing them to a serious risk of identity theft and fraud that could have been avoided if [IHC] had complied with their statutory obligations under FACTA."[17]

10.     Mr. Weinstein "brings this action against [IHC] based on [IHC]'s violation of 15 U.S.C. §§ 1681 *et seq.*"[18] and seeks to have a Class certified with Mr. Weinstein as the representative of the Class, and the law firm representing Mr. Weinstein as counsel for the Class.[19]

---

[16] *Id.* ¶ 13.

[17] *Id.* ¶ 16.

[18] *Id.* ¶ 17.

[19] *Id.* ¶¶ 19-30.

11.    Mr. Weinstein asserts one cause of action for "Violation of 15 U.S.C. §§ 1681 *et seq.*" and seeks statutory damages, punitive damages, costs, and attorney's fees.[20]

## DISCUSSION

IHC moves to dismiss the Amended Complaint with prejudice under Rules 12(b)(1) and 12(b)(6).[21] IHC argues, among other things, that Mr. Weinstein does not have standing because he has not alleged a cognizable, concrete injury-in-fact. IHC relies principally on *Spokeo, Inc. v. Robins*.[22] IHC argues that since Mr. Weinstein does not have standing and has not stated an actionable claim, he cannot represent a class. IHC is correct.

In *Spokeo*, the U.S. Supreme Court addressed the question of whether a procedural violation of the Fair Credit Reporting Act gave standing to the plaintiff to pursue his claims.[23] The Supreme Court noted that federal court jurisdiction is limited to "actual cases or controversies."[24] This mandate "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."[25] Thus, a litigant must have standing to bring a lawsuit in federal court.

To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

---

[20] *Id.* ¶¶ 31-46

[21] Motion to Dismiss at 1.

[22] 136 S.Ct. 1540 (2016).

[23] *Id.* at 1544.

[24] *Id.* at 1547.

[25] *Id.*

favorable judicial decision."[26] The first element, injury in fact, is the "first and foremost of standing's three elements."[27]

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."[28] "A 'concrete' injury must be '*de facto*'; that is, it must actually exist."[29] This does not mean the injury must be "tangible."[30] Intangible injuries can be concrete injuries.[31] "Congress is well positioned to identify intangible harms that meet minimum Article III requirements,"[32] but "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue a plaintiff who would not otherwise have standing."[33]

While "Congress may elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law[,]"[34] "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."[35] "Article III standing requires a concrete injury even in the

---

[26] *Id.*

[27] *Id.* at 1547 (internal quotation marks omitted).

[28] *Id.* at 1548 (internal quotation marks omitted).

[29] *Id.*

[30] *Id.* at 1549.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 1547-48.

[34] *Id.* at 1549.

[35] *Id.*

context of a statutory violation."[36] A plaintiff that alleges only a "bare procedural violation" that "result[s] in no harm" does not have standing to sue under *Spokeo*.[37]

In "the first circuit [decision] to address the question of standing in FACTA cases after *Spokeo*," the Seventh Circuit held in *Meyers v. Nicolet Restaurant of de Pere*[38] that "without a showing of injury apart from the statutory violation, the failure to truncate a credit card's expiration date is insufficient to confer Article III standing."[39] The Seventh Circuit observed that FACTA was enacted to combat the "increasing threat of identity theft."[40] But "not all inaccuracies cause harm or present any material risk of harm" the Seventh Circuit wrote.[41] Indeed, a plaintiff does not automatically satisfy "the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."[42] Rather, a "plaintiff still must allege a concrete injury that resulted from the violation in his case."[43]

The Seventh Circuit ultimately held that the plaintiff in that case "did not suffer any harm because of [the defendant]'s printing of the expiration date on his receipt."[44] The Seventh Circuit also stated that "the violation [did not] create[] any appreciable risk of harm" because the

---

[36] *Id.*

[37] *Id.* at 1550.

[38] 843 F.3d 724 (7th Cir. 2016).

[39] *Id.* at 729-30.

[40] *Id.* at 725.

[41] *Id.* at 727.

[42] *Id.*

[43] *Id.*

[44] *Id.*

plaintiff "discovered the violation immediately and nobody else ever saw the non-compliant receipt."[45]

The Seventh Circuit explained that "Congress sought to limit FACTA lawsuits to consumers 'suffering from any *actual* harm.'"[46] The legislative history of FACTA, the Seventh Circuit observed, showed that "[e]xperts in the field agree that proper truncation of the card number, by itself as required by the [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud."[47]

Like the plaintiff in *Meyers*, Mr. Weinstein has not alleged any actual harm but has only alleged a violation of FACTA by having the expiration date of his credit card printed on a receipt. Mr. Weinstein has not alleged that the receipt in question was ever in possession of anyone other than Mr. Weinstein or that anyone other than Mr. Weinstein ever saw the receipt. Mr. Weinstein has not alleged that he has been the subject of identity theft or credit card fraud because of the procedural violation. He has not alleged that he has had to take steps to protect himself from identity theft or credit card fraud as a result of the procedural violation. Instead, Mr. Weinstein alleges a "bare procedural violation" without any imminent concrete harm. Accordingly, Mr. Weinstein does not have standing to maintain a lawsuit in federal court and the Amended Complaint must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. This is consistent with the conclusion reached by many other federal district courts in analyzing standing questions under FACTA in light of *Spokeo*.[48] Because Mr. Weinstein does not have standing to sue, his request to represent a class is denied.

---

[45] *Id.*

[46] *Id.* at 728 (quoting Clarification Act, Pub. L. 110-241, § 2(b) (emphasis added)).

[47] *Meyers*, 843 F.3d at 728.

[48] *E.g.*, *Kamal*, 2016 WL 6133827; *Thompson*, 2016 WL 8136658; *Stelmachers*, 2016 WL 6835084.

Mr. Weinstein has not made any request for leave to amend his complaint. Accordingly, dismissal with prejudice is appropriate.[49]

## ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss[50] is GRANTED. The Amended Complaint is dismissed with prejudice.


Dated April 3, 2017.

BY THE COURT:

_____

David Nuffer
United States District Judge

---

[49] *See Calderon v. Kan. Dep't of Soc. Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("[N]ormally a court need not grant leave to amend when a party fails to file a formal motion.").

[50] Motion to Dismiss and Memorandum in Support ("Motion to Dismiss") at 1, n. 1, docket no. 9, filed Aug. 12, 2016.